**Robert ALVIS, Appellant,**

v.

**BILL JACKSON RIG CO., INC., an Oklahoma Corporation, Appellee.**

No. 52926.

Court of Appeals of Oklahoma, Division No. 2.

Sept. 15, 1981.

Released for Publication by Order of Court of Appeals Oct. 15, 1981.

---

J. Clark Russell, Oklahoma City, Okl., for appellant.

Robert D. Looney, Sr., Oklahoma City, Okl., for appellee.

## MEMORANDUM OPINION

BOYDSTON, Judge.

The issue presented on appeal is whether plaintiff's common-law tort action is barred by the Workers' Compensation Act. 85 O.S. 1971 § 1 *et seq.* Plaintiff worked for Trigg Drilling Company as a "roughneck" and was injured by an employee of defendant Bill Jackson Rig Co., an independent contractor hired by Trigg to set up a drilling rig. At trial the court sustained a demurrer to plaintiff's evidence on the ground the action was barred by the Act. We affirm.

I

The facts are not in dispute. At the time of plaintiff's injury, Trigg's crew and defendant's crew were working together to erect a drilling rig. They were in the process of positioning a steel beam into the substructure for floor support. This was being done manually because the truck had been imprecisely positioned on the ramp, and the beam could not be hoisted into the exact position. They were pushing on the cable to move the brace into place when, without any signal, the truck driver started the winch line upward. Plaintiff's gloved hand caught on a wicker, and he was lifted approximately 20 feet up into the pulley.

II

On appeal plaintiff urges trial court erred in sustaining defendant's demurrer because 85 O.S.1971 § 44(a) preserves worker's common-law right to recover in tort against another "not in the same employ."

The facts present a situation where plaintiff was injured by his employer's subcontractor. The principal employer was engaged in the business of drilling oil wells. The independent contractor was engaged in the business of erecting drilling rigs. The two crews were working simultaneously on the common task of erecting a drilling rig. Until the rig was erected, plaintiff's employer simply could not function and the task was, therefore, "integral." It follows, then, the common task being inherently integral to the principal employer's overall function, plaintiff is "in the same employ" as defendant subcontractor and its employees.

These facts are governed by the recent supreme court ruling in *O'Baugh v. Drilling Well Control, Inc.*, Okl., 609 P.2d 355 (1980).[1] In that case two independent contractors were hired by the drilling company to unplug a well. One of the contractor's employees was injured by the negligence of the other contractor. The court held the Workers' Compensation Act precluded suit in tort by the injured worker. It stated:

> The two contractors were working side by side, at the well site under separate contracts.... They were doubtless cooperating in the common task of accomplishing a joint result for their principle employer.... Both contractors here were working in a cooperative manner on a common task—the unplugging of the well—and their cooperation in this joint endeavor was absolutely essential to attain their immediate goal. We hold that with respect to the common-task activities both contractors on the job and their workers must be deemed to be persons "in the same employ" as contemplated by the applicable provisions of the Act. Any common-law claim against them, if arising from a worker's on-the-job injury, stands abrogated.

Under these circumstances, plaintiff's sole remedy is under the provisions of the Act.

Affirmed. Costs taxed against appellant.

BRIGHTMIRE, J., concurs.

BACON, P. J., not participating.

1. Also see *Murphy v. Chickasha Mobile Homes, Inc.*, Okl., 611 P.2d 243 (1980); and *Floyd v. Nat'l Steel Corp.*, Okl.App., 629 P.2d 1292 (1981).